# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN BUTTS, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1/] <br><br> Defendant. | Case No. CV 12-4999 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

Calvin Butts ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") failed to properly develop the record by not obtaining documents from his treating physician. (Joint Stip. at 3-5, 8.) For the reasons discussed below, the Court agrees with Plaintiff.

"[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (citing *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983)). If

---

[1/] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

the evidence is ambiguous or inadequate to permit a proper evaluation of a claimant's impairments, the ALJ must also "conduct an appropriate inquiry" into that deficiency. *Id.* at 1288.

Here, the ALJ failed to obtain Plaintiff's *only* available treatment records, and, as a result, decided the case based solely on the unfavorable opinions of the consultative examiner and the state agency consultant. (AR at 26.) Notably, the ALJ did so even after acknowledging Plaintiff's testimony that he received treatment from Kaiser Permanente. (AR at 26; *see* AR at 38-39.)

Reasoning that Plaintiff "was given ample opportunity" to submit his medical records, the ALJ appears to place the burden of obtaining evidence on Plaintiff. (AR at 26.)   This rationale is misguided, albeit understandable. Plaintiff does have the burden of producing evidence of a disability. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); (*see* Joint Stip. at 5-6). But this burden exists vis-a-vis Defendant, and does not absolve the ALJ of his *independent* duties to develop the record and to assure that Plaintiff's interests are being considered. *Armenta v. Astrue*, 2012 WL 4512491, at *3 (C.D. Cal. Oct. 1, 2012); *see White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001).

Turning then to the ALJ's efforts at developing the record, the Court finds them insufficient. Granted, the state social services agency did make an initial attempt to obtain Plaintiff's records from the Kaiser Permanente facility in Tracy, California. (AR at 170-72.) That facility, however, responded, stating that it did not have Plaintiff's records because Plaintiff is a southern California patient. (AR at 173.) Thus, to fulfill his duty, the ALJ should have requested records from Kaiser Permanente's southern California division. No evidence suggests that such an endeavor was made, and thus a finding of error is appropriate.[2]

---

[2]  This error is particularly significant given the great deference typically afforded to treating opinions. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

1         With error established, this Court has discretion to remand or reverse and
2 award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no
3 useful purpose would be served by further proceedings, or where the record has been
4 fully developed, it is appropriate to exercise this discretion to direct an immediate
5 award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
6 But where there are outstanding issues that must be resolved before a determination
7 can be made, or it is not clear from the record that the ALJ would be required to find
8 plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.
9 *See id.* at 594.

10        Here, the Court cannot determine disability based on the record before it.
11 Therefore, on remand, the ALJ shall seek Plaintiff's treatment records, if there be
12 any, from Kaiser Permanente's offices in southern California.

13        Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
14 **REVERSING** the decision of the Commissioner denying benefits and
15 **REMANDING** the matter for further administrative action consistent with this
16 decision.

17
18 Dated: March 5, 2013
19                                   _____
20                                        Hon. Jay C. Gandhi
21                                     United States Magistrate Judge

3